FILED
SEP 1 1 2007
9-11-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT
NF

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) | |
| Plaintiff, ) | 07CV 5110 |
| v. ) | JUDGE DARRAH |
| RALPHS GROCERY CO. ) | MAGISTRATE JUDGE ASHMAN |
| Defendant. ) | JURY TRIAL DEMAND |

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), Title V of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12201 et seq. ("ADA"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct for unlawful retaliation and interference with federally protected rights and to provide appropriate relief to Doris Martinez and a class of employees who were adversely affected by such retaliation and interference.

### JURISDICTION AND VENUE

1. This action is brought by the United States Equal Employment Opportunity Commission to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and Title V of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12201 et seq.

2. This action is authorized and instituted pursuant to § 706(f)(1) and § 706(f)(3) of Title VII, as amended, 42 U.S.C. § 2000e-5(f)(1) and §2000e-5(f)(3), § 107 of the Americans With Disabilities Act, 42 U.S.C. §12117(a), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

3. This court has jurisdiction of this action pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

4. The unlawful acts alleged below were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

5. Plaintiff, Equal Employment Opportunity Commission ("EEOC" or the "Commission"), is an agency of the United States of America charged with both the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3), and the administration, interpretation and enforcement of Title V of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference § 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3) .

6. At all relevant times, Defendant Ralphs Grocery Co., has continuously been a corporation doing business in the State of Illinois and City of Chicago.

7. At all relevant times, Defendant Ralphs Grocery Co. has continuously had at least fifteen (15) employees.

8. At all relevant times, Defendant Ralphs Grocery Co. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h), and Sections 101(5) and (7) of the ADA 42 U.S.C. § 12111(5), (7).

## STATEMENT OF CLAIMS

9. More than thirty (30) days prior to the institution of this lawsuit, Doris Martinez filed charges of discrimination with the Commission alleging violations of Title VII and the ADA by Ralphs Grocery Co.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

11. Since at least 2002, Defendant has engaged in unlawful employment practices in violation of § 704(a) of Title VII, 42 U.S.C. § 2000e-2(a) and in violation of § 503 of the ADA, 42 U.S.C. § 12203. Such unlawful employment practices include retaliating against Doris Martinez for filing a charge of discrimination by sending her a threatening letter and filing suit against her in both federal and state court claiming that her filing of a charge of discrimination

violated Defendant's mandatory arbitration policy and retaliating against a class of employees by maintaining a mandatory arbitration policy that interfered with the right of employees to file charges of discrimination.

12. The result of the practices complained of in paragraph 11 has been to deprive Doris Martinez of her right to participate in EEOC's charge filing process free from retaliation and interference and to deprive or interfere with the rights of a class of employees to participate in EEOC's charge filing process and impose unlawful burdens upon them as a result of Defendant's mandatory arbitration program.

13. The unlawful employment practices complained of above were intentional.

14. The unlawful practices complained of above were done with malice or with reckless indifference to the federally protected rights of Doris Martinez and a class of employees.

## PRAYER FOR RELIEF

WHEREFORE, the Commission requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practices which retaliate or interfere with the rights of employees to participate in the federally protected charge filing process;

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of their participation in any EEOC process, and which eradicate the effects of its unlawful employment practices;

C. Order Defendant to contact employees who previously presented a discrimination claim to Defendant while the Defendant's misleading mandatory arbitration program was in place but who did not file a charge of discrimination with the EEOC or a state Fair Employment Practices Agency and inform them of their right to file a charge and that all limitations periods or charge filing periods for such charges will be tolled until the date of actual delivery of corrective notice, which sets the applicable time limitation running anew.

D. Order Defendant to make whole Doris Martinez by providing compensation for past and future pecuniary losses resulting from those unlawful employment practices, in amounts to be determined at trial;

E.   Order Defendant to pay Doris Martinez punitive damages for its malicious and reckless conduct in amounts to be determined at trial.

F.   Grant such further relief as this Court deems necessary and proper in the public interest; and

F.   Award the Commission its costs in this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

Ronald Cooper
General Counsel

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity Commission
1801 "L" Street, N.W.
Washington, D.C. 20507

John C. Hendrickson
Regional Attorney

Gregory Gochanour
Supervisory Trial Attorney

Deborah Hamilton
Trial Attorney

Equal Employment Opportunity Commission
500 West Madison Street, Suite 2800
Chicago, Illinois 60661
(312) 353-7649