IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) | CIVIL ACTION NO. 07 C 5110 |
| v. ) ) | |
| RALPHS GROCERY CO. ) ) | Judge Darrah |
| Defendant. ) ) | Magistrate Judge Ashman |

## CONSENT DECREE

### THE LITIGATION

1. Plaintiff Equal Employment Opportunity Commission (the "EEOC") filed this action alleging that Defendant Ralphs Grocery Co. ("Ralphs" or "the Company") violated Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-2(a), and Section 503 of the Americas with Disabilities Act ("ADA"), 42 U.S.C. § 12203, by retaliating against Doris Martinez ("Martinez") for filing a charge of discrimination with the Illinois Department of Human Rights ("IDHR") and with the EEOC. This alleged retaliation against Martinez included sending her what the EEOC considered to be a threatening letter and filing suit against her in both federal and state court claiming that her filing of a charge of a discrimination violated Defendant's mandatory arbitration policy. In this lawsuit, EEOC also alleged that Defendant violated the anti-retaliation provisions of Title VII and the ADA as to a class of employees by maintaining a mandatory arbitration policy that interfered with the right of employees to file charges of discrimination. Ralphs filed an answer denying each and every allegation made by the EEOC in this litigation.

2. In the interest of resolving this matter, and as a result of having engaged in

comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree"). This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the EEOC in this action.

3. Neither party admits to any of the claims or defenses raised or asserted by the other in this case, and this Decree shall not be construed as such an admission.

## FINDINGS

4. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

    a. This Court has jurisdiction of the subject matter of this action and of the parties.

    b. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of EEOC, Doris Martinez, the class members, and the public interest are adequately protected by this Decree.

    c. This Decree conforms with the Federal Rules of Civil Procedure, Title VII, and the ADA and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and the ADA, and will be in the best interests of the parties, Doris Martinez, the class members, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

## INJUNCTION AGAINST RETALIATION

5. Ralphs, its officers, agents, successors, assigns and all persons acting in concert with it shall not engage in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII or the ADA, filed a Charge of

Discrimination under Title VII or the ADA, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII or the ADA, or asserted any rights under this Decree. This includes a bar against intimidating, threatening, or coercing an employee who files a charge on account of that charge or as a means of compelling that employee to withdraw the charge as set forth in Section 503 of the Americans with Disabilities Act.

6. Ralphs, its officers, agents, successors, assigns and all persons acting in concert with it shall not maintain an arbitration agreement that deters or interferes with employees' right to file charges with the EEOC and state Fair Employment Practices Agencies or to participate in any investigation by the EEOC or a state Fair Employment Practices Agency.

## MONETARY RELIEF

7. Ralphs shall pay $70,000 to Doris Martinez as non-wage relief as set forth in Paragraph 8 below. Ralphs waives any objection to Martinez receiving this relief in this case notwithstanding the arbitration agreement signed by Martinez as a condition of employment.

8. Within five (5) business days after entry of this Decree, the EEOC will mail to Martinez a copy of the Release Agreement attached as Exhibit A. Within ten (10) business days after receipt by Ralphs from EEOC of a signed Release Agreement, Ralphs shall issue and mail by certified mail to Martinez a check for $70,000. Ralphs shall also mail a copy of the check to the EEOC within five (5) business days of sending the check to Martinez. The EEOC shall provide Ralphs with a current address for Martinez, along with the delivery of the signed release. Ralphs will issue an IRS Form 1099 with respect to this payment.

## POSTING OF NOTICE

9. Within forty-five (45) business days after entry of this Decree, Ralphs shall post at each of its locations (including each of its stores) same-sized copies of the Notice attached as

Exhibit B to this Decree on bulletin boards usually used by Ralphs for communicating with all its employees. The Notice shall remain posted for two-years from the date of entry of this Decree.

10. Ralphs shall ensure that the posting is not altered, defaced or covered by any other material. Ralphs shall certify to the EEOC in writing within forty-five (45) business days after entry of this Decree that the Notice has been properly posted. Ralphs shall permit a representative of the EEOC to enter its premises for purposes of verifying compliance with this Paragraph at any time during business hours.

## RECORD KEEPING

11. For a period of two (2) years following entry of this Decree, Ralphs shall maintain records of any Notice of Complaint/Dispute form, a Request for Mediation or Demand for Final & Binding Arbitration form (or replacement forms it these are discontinued), received by the Company from any current or former employee in which the employee alleges that he or she was retaliated against for having made a claim covered by Title VII or the ADA. Such records shall indicate the date the complaint was made, who made it and the current contact information for the complainant, what was alleged, and what actions Ralphs took, if any, to resolve the matter.

12. Ralphs shall make all documents or records referred to in Paragraph 11 above, available for inspection and copying within ten (10) business days after the EEOC so requests in writing to Mr. Steve Prough.

## REPORTING

13. Ralphs shall furnish to the EEOC written reports semi-annually for a period of two (2) years following entry of this Decree. The first report shall be due six (6) months after entry of the Decree. The final report shall be due twenty-three (23) months after entry of the Decree. Each such report shall contain a summary of the information recorded by Ralphs

4

...

pursuant to Paragraph 11 and a certification that the notice required by Paragraph 9 has remained in place for six-month period preceding the report.

## TRAINING

14. Ralphs shall ensure that all human resources staff and any other staff, who assist with the response to complaints of discrimination, all legal unit personnel with any responsibility for the Company's mandatory arbitration agreement, including Bonnie Franco, participate in a training session conducted by a senior attorney from Littler Mendelson, P.C., who was not involved in events leading up to this litigation (including without limitation the drafting of Ralphs arbitration policy and Ralphs response to Martinez' charges of discrimination). The training will be paid for by Ralphs and approved by the EEOC.

15. The training will cover the duty to avoid retaliation under the federal laws against employment discrimination, including the right of employees to file charges of discrimination free from retaliation. The training shall take place within ninety (90) days of entry of this Decree and will follow the curriculum submitted to and approved by the EEOC. If any additional personnel take on responsibility for assisting with the response to complaints of discrimination or for the Company's mandatory arbitration agreement after the training occurs and during the term of the Decree, these additional personnel shall receive the same training within 90 days of the time that they take on these responsibilities.

16. As part of the semi-annual reports to the EEOC under Paragraph 13, Ralphs shall include a written certification that the training has occurred that the required personnel have attended. Such certification shall include: (i) the date, location and duration of the training; and (ii) a copy of an attendance list, which shall include the name and position of each person in attendance. Ralphs shall provide EEOC with copies of all materials distributed to the participants

if different from those materials previously provided.

## REVISION OF MANDATORY ARBITRATION PROVISION

17. Within sixty (60) calendar days of the date of the entry of this Consent Decree, so long as Ralphs continues to maintain a mandatory arbitration agreement that covers claims under Title VII and the ADA, Ralphs shall distribute to all of its employees a revised arbitration agreement that contains in bold print as a separate paragraph in a font-size of at least twelve point the following language: "**Nothing in this Agreement infringes on an Employee's ability to file a charge or claim of discrimination with the U.S. Equal Employment Opportunity Commission or comparable state or local agencies. These agencies have the authority to carry out their statutory duties by investigating the charge, issuing a determination, filing a lawsuit in Federal or state court in their own name, or taking any other action authorized under these statutes. Employees retain the right to participate in such action.**"

18. Within sixty (60) calendar days of the entry of this Consent Decree, all documents provided to employees that contain any mandatory arbitration agreement (including the employment application and the Acknowledgment of Receipt & Promise, if applicable), or portions thereof, will also contain the above language in bold-print.

19. Within sixty (60) calendar days of the entry of this Consent Decree, Ralphs will translate into Spanish any mandatory arbitration policy it maintains and any other documents provided to employees that contain any mandatory arbitration agreement (including the employment application and the Acknowledgment of Receipt & Promise, if applicable) and will provide a Spanish language copy of these documents to any employee, including any applicant for employment, who requests a Spanish-language copy of the documents.

20. The inclusion of Paragraphs 15-17 in the Decree does not represent the Court's or

EEOC's approval of Ralphs's mandatory arbitration policy.

## TOLLING OF THE CHARGE FILING PERIOD

21. Within ten-days of the entry of this Decree, Ralphs will provide to the EEOC a complete list in electronic format of all of the employees and their last known addresses who provided to Ralphs in the years 2004 and 2005 a Notice of Complaint/Dispute form, a Request for Mediation form, or a Demand for Final & Binding Arbitration form for a claim alleging discrimination covered by Title VII or the ADA. EEOC will then inform these individuals via letter of their right to file a charge of discrimination with the EEOC, which charge must be limited in scope to the nature of the complaint made in the Notice of Complaint/Dispute form, Request for Mediation form, or Demand for Final & Binding Arbitration form submitted to Ralphs by the employee in 2004 or 2005. A copy of the letter that the EEOC may send to the above-referenced employees is attached hereto as Exhibit C.

22. Ralphs agrees that in response to a charge of discrimination filed with the EEOC by one of the employees referenced in Paragraph 21, which charge is limited in scope to the nature of the initial complaint to Ralphs in 2004 or 2005 and filed within 120 days from the date of the entry of this Decree, Ralphs will not raise as a defense that the employee failed to timely file his or her charge of discrimination. Ralphs thus waives the limitations period for these employees for the filing of a charge of discrimination so long as these employees file a charge of discrimination within the 120 days from the date of entry of this Consent Decree. Should an employee file a Charge after 120 days has passed, and/or file a charge at any time which goes beyond the nature of the complaint in their 2004 or 2005 complaint to Ralphs, Ralphs retains its right to present any legal or factual defense to such a charge, including a defense that the charge is untimely.

## DISPUTE RESOLUTION

23. In the event that any party to this Decree believes that any other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

24. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two (2) years immediately following entry of the Decree, provided, however, that if, at the end of the two (2) year period, any disputes under Paragraph 23, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

25. Each party to this Decree shall bear its own expenses, attorneys' fees, and costs.

26. The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Ralphs. Ralphs, and any successor(s) of Ralphs, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with , or any successor of Ralphs, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

27. Certifications made by Ralphs must be made under oath or by counsel as an officer of the court. When this Decree requires the submission by Ralphs of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to: Deborah Hamilton, Trial Attorney, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2800, Chicago, Illinois, 60661. When this Decree requires submission by the EEOC of materials to Ralphs, they shall be mailed to: Steve Prough, Vice President, Legal Services, Ralphs Grocery Company/Food4Less, P.O. Box 54143. Los Angeles, CA 90054.

**ENTERED AND APPROVED FOR:**

| | |
|---|---|
| For the EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>1801 L Street, N.W.<br>Washington, D.C. 20507<br><br>RONALD S. COOPER<br>General Counsel<br><br>JAMES LEE<br>Deputy General Counsel<br><br>GWENDOLYN YOUNG REAMS<br>Associate General Counsel | For RALPHS GROCERY CO.,<br><br>_[signature]_<br>STEVE PROUGH<br>Vice President, Legal Services |

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
Chicago District Office
500 West Madison Street
Suite 2800
Chicago, Illinois 60661
(312) 353-7046

_[signature]_
JOHN C. HENDRICKSON
Regional Attorney

_[signature]_
GREGORY GOCHANOUR
Supervisory Trial Attorney

_[signature]_
DEBORAH HAMILTON
Trial Attorney

ENTER:
_[signature]_
The Honorable John Darrah
United States District Judge

DATE: 5/20/08

**EXHIBIT A**

**RELEASE AGREEMENT**

I, Doris Martinez, in consideration for $70,000 paid to me by Ralphs Grocery Co., in connection with the resolution of EEOC v. Ralphs Grocery Co., Case No. 07 cv 5110 (N.D. Ill.), waive my right to recover for any claims of retaliation arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act, that I had against Ralphs Grocery Co. prior to the date of this release and that were included in the claims alleged in EEOC's complaint in EEOC v. Ralphs Grocery Co., Civ. No. 5110 (N.D. Ill.). I acknowledge and agree that Ralphs has made no representation to me regarding the tax consequences of any amounts received by me pursuant to this release.

Date: _____          Signature: _____

# EXHIBIT B
## NOTICE TO ALL RALPHS GROCERY CO. EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in *EEOC v. Ralphs Grocery Co..*, Case No. 07 C 5110 (N.D.Ill.) resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Ralphs. ("the Company").

In its suit, the EEOC alleged that the Company retaliated against an employee who made a complaint of discrimination to the EEOC, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA") and that the Company maintained a mandatory arbitration agreement that unlawfully interfered with employees' right to file charges of discrimination with the EEOC. To resolve the case, without any admission of liability or wrongdoing by Ralphs, the Company and the EEOC have entered into a Consent Decree that provides, among other things, that:

1) the Company will make a payment to the complainant;

2) the Company will not retaliate against any person because (s)he opposed any practice made unlawful by Title VII or the ADA, filed a Title VII or ADA charge of discrimination, or participated in any Title VII or ADA proceeding;

3) so long as the company maintains a mandatory arbitration agreement, the agreement shall state **"Nothing in this Agreement infringes on an employee's ability to file a charge or claim of discrimination with the U.S. Equal Employment Opportunity Commission or comparable state or local agencies. These agencies have the authority to carry out their statutory duties by investigating the charge, issuing a determination, filing a lawsuit in Federal or state court in their own name, or taking any other action authorized under these statutes. Employees retain the right to participate in such action"** and

4) all employees who filed a Notice of Complaint/Dispute form, Request for Mediation or Demand for Final and Binding Arbitration form with the Company during the years 2004 and 2005 alleging that he or she had a claim of discrimination that is covered by Title VII or the ADA may file a charge of discrimination with the EEOC within 120 days of the date of entry of this Consent Decree. So long as the charge is limited in scope to the nature of the initial complaint to Ralphs in 2004 or 2005 and filed within 120 days from the date of the entry of this Decree, Ralphs will not raise as a defense that the employee failed to timely file his or her charge of discrimination.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may contact the EEOC at (312) 353-8195. The EEOC charges no fees and has employees who speak languages other than English.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: The Ralphs Settlement, EEOC, 500 West Madison Street, Suite 2800, Chicago, Illinois 60661.

_____           _____
Date                                                          The Honorable Judge Darrah



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Chicago District Office**

500 West Madison Street, Suite 2800
Chicago, IL 60661
(312) 353-2713
TTY (312) 353-2421
Legal Fax (312) 353-85551
Direct dial: (312) 353-7649

## EXHIBIT C

Re: EEOC v. Ralphs Grocery Co.
Case No. 07 C 5110

Dear,

On **[insert Date]**, 2008, the United States District Court in the Northern District of Illinois entered a Consent Decree between the EEOC and Ralphs. That Decree resolved a case brought by the EEOC alleging that Ralphs violated Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act by maintaining a mandatory arbitration policy that interfered with the right of employees to file charges of discrimination. Ralphs denied this allegation.

As part of the settlement of the case, Ralphs agreed that it would not dispute the timeliness of charges filed with the EEOC by employees who provided to Ralphs a Notice of Complaint/Dispute form, a Request for Mediation, or a Demand for Final & Binding Arbitration in the years 2004 and 2005 **so long as those charges are filed with the EEOC within 120 days of [insert Date of Entry of Decree]**. The charge also must be limited in scope to the nature of the complaint made in the Notice of Complaint/Dispute form, Request for Mediation form, or Demand for Final & Binding Arbitration form submitted to Ralphs by the employee in 2004 or 2005.

This letter informs you of your right to file a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") based on conduct that you believed was discriminatory during your employment at Ralphs and about which you previously provided to Ralphs a Notice of Complaint/Dispute form, a Request for Mediation, or a Demand for Final & Binding Arbitration in the years 2004 and 2005

In order to take advantage of Ralphs agreement that it will not challenge a charge as untimely, any charge of discrimination based upon conduct occurring in 2004 and 2005 must be filed by **[insert Date 120 days after entry of Decree]** and must be limited in scope to the nature of the complaint alleged in the form that you provided to Ralphs. If you file such a charge, it will be investigated and evaluated in accord with EEOC's usual standards.

To get information about how to file a charge of discrimination, you should visit the EEOC's website at www.eeoc.gov or call 1-800-669-4000. You should bring this letter with you if you file a charge of discrimination against Ralphs.

Sincerely,
Deborah Hamilton
Trial Attorney
(312) 353-7649